IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROBERT COLEMAN,<br><br>    Plaintiff,<br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), a Corporation; CUTTER FLYING SERVICE, INC., a New Mexico Corporation; CUTTER AVIATION PHOENIX, INC. (formerly Cutter Aviation, Inc.), an Arizona Corporation; CUTTER AVIATION ALBUQUERQUE, INC., an Arizona Corporation; SCOTT JAMES STERRITT, an Individual; BEECH AIRCRAFT CORPORATION, a Kansas Corporation; RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation; CONTINENTAL OF MOBILE, ALABAMA, a Corporation; TELEDYNE CONTINENTAL MOTORS, a Corporation,<br><br>    Defendants. | No. CIV 99-0474 PK/LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Amtrak's Motion to File Third-Party Complaint for Indemnity, Contribution, or Proportional Indemnification Against Third-Party Defendants Cutter Aviation Phoenix, Inc.,

Cutter Aviation Albuquerque, Inc., Cutter Flying Service, Inc. and Scott J. Sterritt (hereinafter referred to as the "Cutter Defendants"), filed March 9, 2000 (entered on the docket on March 21, 2000) (doc. 72), and the court, being advised fully in the premises, finds that the motion is not well taken and should be denied.

Background

This case involves a forced landing of an airplane where Plaintiff was severely injured. At the time of the forced landing, Plaintiff was a passenger in a Cutter plane that had been chartered by Plaintiff's employer, Defendant Amtrak. In this action, Plaintiff sought recovery from various Defendants based upon negligence, conscious disregard of the rights and safety of others, and strict liability, the latter claim not made against Defendant Sterritt. The negligence claim against Amtrak is "for negligent failure under the FELA [Federal Employer's Liability Act] to provide Plaintiff with a reasonably safe place to work by engaging in 'deadheading' under the alleged circumstances and by selecting the Cutter Defendants to transport Plaintiff with prior knowledge of prior instances of negligent aircraft operations and maintenance by the Cutter Defendants." Initial Pretrial Report ("IPTR") filed August 25, 1999 at 3-4 (doc. 24). The negligence claim against the Cutter Defendants is "for negligent maintenance and aircraft operations." Id. at 4. Thus, the negligence claim against Defendant Amtrak is premised upon independent or direct liability

-2-

(negligent selection of Cutter Defendants) as well as imputed or vicarious liability (Defendant Amtrak had a non-delegable duty to provide its employee with a safe workplace). Under the vicarious liability theory, Defendant Amtrak would be liable for any negligence of the Cutter Defendants if it was found that Cutter was acting as an agent of Amtrak "engaged in furthering the operational activities of [Amtrak]." Sinkler v. Missouri Pac. R.R. Co., 356 U.S. 326, 331 (1958).

On January 24, 2000, Plaintiff executed a Settlement Agreement and General Release in which he resolved all claims against, inter alia, the Cutter Defendants. A check of the docket sheet indicates that the Cutter Defendants have not been dismissed from the lawsuit; they remain parties, and Amtrak's motion should be considered a motion to add a cross-claim against its codefendants. See Fed. R. Civ. P. 13(g), 14(a) (applies to "a person not a party"); see also 3 James W. Moore, et al., Moore's Federal Practice §§ 13.71 & 14.09 (1999).

> The following terms appear in the Settlement Agreement:
>
> (3) In connection with this settlement, Releasor [Plaintiff] waives and relinquishes any right to recover any amount of damages in the Action against Defendant National Railroad Passenger Corporation ("Amtrak") in excess of Amtrak's percentage liability as determined by any trier of fact in connection with this Action.
>
> (4) In exchange for payment of the settlement amount, Releasor will promptly dismiss the Action with prejudice in its entirety as to the Cutter Defendants and Teledyne.

-3-

(5) Should Amtrak seek to recover from the Cutter Defendants and Teledyne, or any of them, any sum in excess of Amtrak's percentage liability in the Action as determined by the trier of fact, Releasor will indemnify such settling Defendant or Defendants for such sum in excess of Amtrak's percentage liability herein.

(6) This Settlement Agreement and General Release is made and entered into in the State of New Mexico and shall in all respects be interpreted, enforced, and governed by and under the laws of that State.

Amtrak's Motion and Memorandum filed March 9, 2000, Ex. D at 2.

After the March 3, 2000 deadline for motion packages, see IPTR at 14, and two days after the court denied its motion for summary judgment (doc. 69), Defendant Amtrak filed the instant motion claiming that "if in fact it is determined that Cutter's negligence proximately caused Coleman's injuries, and it is consequently determined that Amtrak failed to provide a reasonably safe workplace because it hired Cutter to transport Coleman . . . , then Amtrak asserts that Cutter's negligence entitles Amtrak to judgment over and against Cutter for indemnity, proportional indemnity, and/or contribution, including the pro rating of any fault." Amtrak's Motion and Memorandum filed March 9, 2000, Ex. A at 3 (Prop. Third Party Complaint).

## Discussion

Defendant Amtrak contends that due to a pretrial agreement, it reasonably

believed that the case against it would proceed solely upon independent liability, i.e. comparative fault. That is not a reasonable reading of the letter agreement authored by Defendant Amtrak's counsel:

> Consequently, assuming I have accurately set forth the agreement of the parties to this case that any liability assessed against Amtrak will be limited to the jury's determination of comparative fault and damages (if any) as against that particular entity, then Amtrak will not amend its Answer to include cross-claims against the other Defendants. I understand that by signing this letter, the Plaintiff is not waiving his right to argue that the non-delegable duty clause under the FELA and liability associated therewith, if any, remains Amtrak's alone, such that Amtrak alone may be held liable for <u>all</u> of Plaintiff's injuries from this accident for any breach of such non-delegable duty.

Id. Ex. C at 2. The limitation contained in the first sentence is vitiated by the second sentence. Moreover, Plaintiff made it clear in its response to Defendant Amtrak's summary judgment motion that it was proceeding on the basis of vicarious liability; in its reply, Defendant Amtrak dismissed this as an "unstartling and irrelevant proposition that FELA's reasonably safe workplace standard applies to both railroads and those with whom they contract" and argued that "a FELA claimant must satisfy the element of reasonable foreseeability whether the negligence alleged is attributable to the railroad, a third party, or both." Reply in Support of Amtrak's Motion for Summary Judgment filed March 3, 2000 at 1, 7 (doc. 67). Defendant Amtrak cannot reasonably claim that it was

unaware of vicarious liability claims.[1] Although it is represented that the Cutter Defendants participated in the lawsuit until January 24, 2000, the court is concerned about possible prejudice to them given that the discovery cutoff date was February 4, 2000.

Be that as it may, Defendant Amtrak's cross claim is unnecessary given the settlement agreement and release. As noted, Plaintiff has released the Cutter Defendants, waived "any right to recover any amount of damages" against Defendant Amtrak "in excess of Amtrak's percentage liability," and indemnified the Cutter Defendants for any recovery by Amtrak "in excess of Amtrak's percentage liability." Percentage liability is direct liability; the Plaintiff having released the agent (Cutter Defendants); he may not recover from the principal (Defendant Amtrak) based upon imputed liability.[2] See Kinetics, Inc. v. El Paso Products Co., 653 P.2d 522, 527 (N.M. Ct. App. 1982); Harrison v. Lucero, 525

---

[1] Defendant Amtrak suggests, as it did in its summary judgment reply (doc. 67), that any expert testimony concerning Amtrak's allegedly negligent selection of the aircraft, route and pilot should be barred as not disclosed in Mr. Ross's expert report. See Motion and Memorandum at 5-6. The court has previously limited the Plaintiff's expert to those opinions in the report when considering a motion brought by Defendant Teledyne. See Order filed January 12, 2000 (doc. 58). Plaintiff has not addressed this point, let alone demonstrated that its failure to disclose is substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). Accordingly, it appears that the Plaintiff's expert should be confined to the opinions disclosed in the expert report dated November 3, 1999.

[2] Thus, the court need not decide whether Defendant Amtrak is a third party beneficiary of the settlement agreement. See Hansen v. Ford Motor Co., 900 P.2d 952 (N.M. 1995).

P.2d 941, 943-44 (N.M. Ct. App. 1974); see also Thompson v. Brule, 37 F.3d 1297, 1301 (8th Cir. 1994) (applying Minnesota law).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant Amtrak's Motion to File Third Party Complaint for Indemnity, Contribution, or Proportional Indemnification Against Third-Party Defendants Cutter Aviation Phoenix, Inc., Cutter Aviation Albuquerque, Inc., Cutter Flying Service, Inc. and Scott J. Sterritt, filed March 9, 2000 (doc. 72), is denied.

DATED this 30th day of March, 2000 at Santa Fe, New Mexico

/s/ Paul Kelly J.
United States Circuit Judge
Sitting by Designation

Counsel:

Kevin P. Kane and James Zorigian, Kaplan Law Corporation, Los Angeles, California, and Paul F. Abrams, Abrams & Barliant, Santa Fe, New Mexico, for Plaintiff Robert L. Coleman.

Kurt B. Gilbert and John S. Thal, Atkinson & Thal, P.C., Albuquerque, New Mexico, for Defendant Amtrak.